No. 3634

Second Circuit

PETOSIA v. SEMPLE

(January 31, 1930. Opinion and Decree.)

Earl E. Kidd, of Winnfield, attorney for plaintiff, appellee.

T. F. Hunter, of Alexandria, attorney for defendant, appellant.

WEBB, J. On October 5, 1928, plaintiff transferred to defendant a lot and improve-

ments thereon, situated in the town of Winnfield, in consideration of a second-hand automobile, and on March 16, 1929, the present suit was instituted to rescind the transfer, on the ground of lesion beyond moiety, and defendant appeals from a judgment in favor of plaintiff.

The action is based on the provisions of article 2665, Civ. Code, which provides that "The rescission on account of lesion beyond moiety, takes place, when one party gives immovable property to the other in exchange for movable property; in that case, the person having given the immovable estate may obtain a rescission, if the movables which he has received, are not worth more than the one-half of the value of the real estate."

In support of the action, plaintiff called three witnesses, who estimated the value of the immovable property from $700 to $1000, while defendant called three witnesses, who fixed its value at from $250 to $400; and the evidence establishing that the automobile was worth $250, appellant urges that the evidence did not establish that the immovable property was worth in excess of $500.

The trial court was familiar with the property, and in a written opinion, he stated that the witnesses called by plaintiff to establish the value of the immovable property were better informed as to its value than those called by defendant, and that such was the case is, we think, very clearly indicated by the record, and unless we should take the average of the values fixed by the witnesses as the price of the property, as suggested by counsel, it is clear that the value of the immovable property was in excess of $600, the valuation fixed by the court.

When there is a wide range in the values placed upon property by witnesses who are equally competent to fix the value, it may be said that the evidence indicates a degree of speculation, and that none of the estimates may be accepted as fixing with legal certainty the value of the property, and that the value cannot be fixed by taking the average of the estimates; however, from our review of the record we find that the witnesses who were called by the plaintiff were more familiar with the value of the property, and we are of the opinion that the finding of the trial court that the immovable property was worth $600 is supported by the preponderance of the evidence, and that it was thus worth more than double the value of the movable property, and the judgment is affirmed at defendant's cost.